IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

May 21, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

MIKE HARVEY, on behalf of himself ) C/A NO. 03A01-9807-CV-00235
and all others similarly situated, )
                                     ) ROANE CIRCUIT
         Plaintiff-Appellant,        )
                                     ) RUSSELL SIMMONS, JR.,
v.                                   ) JUDGE
                                     )
FORD MOTOR CREDIT COMPANY,           ) AFFIRMED
                                     ) AND
         Defendant-Appellee.         ) REMANDED

GORDON BALL, Knoxville, for Plaintiff-Appellant.

STEVEN D. LIPSEY, STONE & HINDS, P.C., Knoxville, and THOMAS M.
BYRNE and DANIEL H. SCHLUETER, SUTHERLAND, ASBILL & BRENNAN,
LLP, Atlanta, for Defendant-Appellee.

PAUL G. SUMMERS, Tennessee Attorney General and Reporter, and
TIMOTHY C. PHILLIPS, Assistant Attorney General, Nashville, Amicus Curiae for
the State of Tennessee.

**O P I N I O N**

Franks, J.

Appellant filed his complaint designated a class action, alleging that

Ford Motor Credit Company ("Ford Credit") engaged in a scheme with Ford dealers

to mislead consumers and conceal the practice of dealer reserve. The complaint

initially alleged two causes of action based on Ford Credit's violation of the

Tennessee Consumer Protection Act ("TCPA") and unjust enrichment. The Trial

Court conditionally certified the requested class of consumers, but subsequently set aside that order.

Appellant purchased a used van at a Ford dealer in Harriman in 1996. The dealer arranged financing for the vehicle through appellee, Ford Motor Credit Company, and according to the complaint, appellant was unaware that the interest rate he received included not only Ford Credit's regular rate, but an additional percentage. A portion of the additional interest rate is generally payable to the dealer by Ford Credit. This practice is commonly known as "dealer reserve".

Appellant subsequently amended his Complaint to include a third cause of action for civil conspiracy. Responding to Ford Credit's Motion to Dismiss, the Trial Court dismissed the Amended Complaint, holding (1) that the Amended Complaint failed to comply with Tenn.R.Civ.P. 9.02; (2) that reliance was a required element under the T.C.P.A. which had not been plead; (3) that the unjust enrichment claim was invalid since the basis of the parties' relationship was a written contract; (4) that the conspiracy claim could not stand because appellant had not alleged any unlawful or tortious act. Appellant has appealed the dismissal of the T.C.P.A. and conspiracy claims, but has not appealed the dismissal of the unjust enrichment claim.

Under T.R.C.P. §12.02(6), we are required to construe the complaint liberally in favor of the plaintiff, taking all allegations as true. *Sullivant v. Americana Homes, Inc.,* 605 S.W.2d 246 (Tenn.App. 1980). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *Id.*

The appellee argues that T.C.P.A. is not applicable in this case. The appellee contends that its conduct is permitted by the federal Truth in Lending Act ("T.I.L.A."), and that the T.C.P.A., by its own terms, does not apply. The T.C.P.A.

2

does not apply to "[a]cts or transactions required or specifically authorized under the laws administered by, or rules and regulations promulgated by, any regulatory bodies or officers acting under the authority of this state or of the United States." T.C.A. § 47-18-111(a)(1).

Appellee insists that since the disclosure portions of the appellant's sales contract are governed by the T.I.L.A., failure to disclose "dealer reserve" is not actionable. This argument fails for two reasons. First, courts have generally construed the preemptive scope of the T.I.L.A narrowly. The T.I.L.A.'s own preemptive provisions are narrowly worded and were intended "to extend only to specific state disclosure requirements, in the interest of preserving uniform methods of disclosure." *Heastie v. Community Bank*, 690 F.Supp. 716, 720 (N.D. Ill., 1988); *See also* 17 Am.Jur.2d *Consumer Protection* § 259 (1990). Second, the appellant does not contend that the appellee failed to comply with the T.I.L.A. Rather, he alleges that the appellee engaged in a scheme to mislead consumers concerning the true nature of their financing. In *Heastie,* the Court considered language under the Illinois Consumer Fraud Act identical to the T.C.P.A.'s exclusionary provision and concluded that compliance with the T.I.L.A. "should not be a complete defense to allegations of fraudulent schemes." *Id.* at 721. This result is consistent with a privately reported decision of this Court, holding that a dealer's failure to disclose "dealer reserve" was actionable when the dealer engaged in a pattern of deceptive conduct. *See Adkinson v. Harpeth Ford-Mercury, Inc.*, 1991 WL 17177 (Tenn.App.). Thus, appellee's claims of compliance with the T.I.L.A. are not dispositive.

The Trial Court determined that "[a]s to any averment of fraud, the complaint must be dismissed for the plaintiff's [appellant's] failure to state with particularity as required by Rule 9.02 of the Tennessee Rules of Civil Procedure." Rule 9.02 requires that the circumstances constituting fraud must be plead with

3

particularity. The parties dispute whether this requirement applies to claims under the T.C.P.A. This Court has applied Rule 9.02 to claims under the T.C.P.A. *Humphries v. West End Terrace, Inc.*, 795 S.W.2d 128 (Tenn.App. 1990). Other jurisdictions have also required that claims under state consumer protection acts be plead with specificity. *See e.g., Connick v. Suzuki Motor Co.*, 675 N.E.2d 584 (Ill. 1996). Thus, the Amended Complaint must be scrutinized in light of these requirements. Despite Rule 9.02's particularity requirements, we must determine the sufficiency of the claims in light of Tenn.R.Civ.P. 8.01's liberal pleading standards. *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn.App. 1992).

The Amended Complaint essentially alleges that the appellee and various Ford dealers violated the T.C.P.A. by misleading consumers and misrepresenting to them the practice of "dealer reserve." Although the Amended Complaint alleges misrepresentations by the Ford dealer, it lists two principal actions by the appellee that could link it to the dealer's conduct or otherwise violate the T.C.P.A. First, the Amended Complaint states that the appellee has "quoted its financing rates in the national media and press." According to the Amended Complaint, the effect of this advertising is to indicate to consumers that these rates "are fixed and not variable and that each Ford Motor Company . . . dealer will make available to consumers precisely those rates which Ford Motor Credit quotes." Nowhere in the Amended Complaint, however, does the appellant allege that he ever saw or heard any of these advertisements. Regardless of whether reliance is a required element under the T.C.P.A., plaintiffs must at least allege that they were exposed to the offensive conduct. Thus, the Amended Complaint fails to state a cause of action for this alleged violation.

The Amended Complaint also states that the appellee "through its dealer manuals and other policies and procedures, instructs its dealers to inform customers

4

that the quoted Ford Motor Credit rates are fixed and non-negotiable." This claim also fails to allege any actionable conduct by the appellee. Although not entirely clear, the phrase "quoted Ford Motor Credit rates" presumably refers to the same retail rates allegedly quoted by the appellee in its advertisements. Although the term could arguably mean the final rate quoted to the customer by the dealer, that meaning would be inconsistent with language in the section of the Amended Complaint describing the appellee's advertising.

Whether the appellee's rates are negotiable does not affect the practice of "dealer reserve." According to the Amended Complaint, once the appellee quotes the fixed rate, the dealer adds any additional percentage. Thus, there is nothing unfair or deceptive about the appellee "fixing" its quoted rates. In fact, if the appellee instructs dealers to inform customers that the appellee's rates are fixed and non-negotiable, this instruction would better inform customers about the practice of dealer reserve. Customers would realize that the final rate quoted by the dealer was higher than the appellee's rate. Although the Amended Complaint alleges that the dealers do not tell customers about the disparity in financing, it does not recite any actions that could render the appellee liable for this alleged misrepresentation or nondisclosure. Thus, the allegation fails to state a claim under the T.C.P.A.

The remainder of the conduct recited in the Amended Complaint with appropriate specificity refers to actions allegedly taken by the Ford dealer. The dealer is not a party in this case and the Amended Complaint does not contend that the appellee should be liable for the dealer's individual conduct. Thus, the complaint fails to state a claim against the appellee for T.C.P.A. violations. It therefore fails to allege a conspiracy to violate the T.C.P.A.

We hold that the Trial Court correctly dismissed the Amended Complaint, but we pretermit the issue of whether reliance is a required element under

the T.C.P.A. because we conclude the complaint does not otherwise state a cause of action.  Accordingly, we affirm the judgment of the Trial Court and remand with cost of the appeal assessed to the appellant.


_____
Herschel P. Franks, J.


CONCUR:



_____
Houston M. Goddard, P.J.



_____
William H. Inman, Sr.J.

6